<u>**UNPUBLISHED**</u>

**UNITED STATES COURT OF APPEALS**
**FOR THE FOURTH CIRCUIT**

---

**No. 02-2459**

---

ALEMAYEHU BACHORE ASFAW,

Petitioner,

versus

JOHN ASHCROFT, Attorney General of the United
States,

Respondent.

---

On Petition for Review of an Order of the Board of Immigration
Appeals. (A75-363-148)

---

Submitted: June 30, 2003        Decided: July 25, 2003

---

Before MICHAEL, TRAXLER, and GREGORY, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

Larry L. Lewis, LAW OFFICE OF J.W. NESARI, L.L.C., Herndon,
Virginia, for Petitioner.  Robert D. McCallum, Jr., Assistant
Attorney General, Margaret Perry, Senior Litigation Counsel, Audrey
B. Hemesath, Office of Immigration Litigation, Civil Division,
UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Respondent.

---

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Alemayehu B. Asfaw, a native and citizen of Ethiopia, petitions for review of an order of the Board of Immigration Appeals (Board) denying his application for asylum and withholding of removal. We have reviewed the record provided by the parties and the decision of the Board.

Asfaw challenges the negative credibility findings made by the immigration judge and affirmed by the Board. We have reviewed the immigration judge's credibility determination and find it to be supported by specific, cogent reasoning and therefore entitled to substantial deference. Figeroa v. INS, 886 F.2d 76, 78 (4th Cir. 1989). We hold that the Board's conclusion that Asfaw failed to establish eligibility for asylum is not manifestly contrary to the law or an abuse of discretion. 8 U.S.C. § 1254(b)(4)(D) (2000).

The standard for receiving withholding of removal is "more stringent than that for asylum eligibility." Chen v. INS, 195 F.3d 198, 205 (4th Cir. 1999). An applicant for withholding must demonstrate a clear probability of persecution. INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). As Asfaw failed to establish entitlement to asylum, he cannot satisfy the higher standard for withholding of removal.

We accordingly deny the petition for review. We dispense with oral argument because the facts and legal arguments are adequately

presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED